UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| CHRISTIAN REYES,<br><br>Plaintiff,<br>v.<br><br>CITY OF PATERSON, et al<br><br>Defendants. | Civil Action No.<br><br>2:16-CV-2627-ES-SCM<br><br>**OPINION**<br>**ON DISCOVERY DISPUTES**<br><br>**[D.E. 40, 41, 48]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant, City of Paterson's ("the City") informal discovery motion against Plaintiff, Christian Reyes ("Mr. Reyes").[1] The City seeks to compel Mr. Reyes to provide sufficient responses to interrogatories numbered 7, 9, 11, 12, 13, 15, 16, 17, and 25.[2] Mr. Reyes opposes and seeks to compel the City to provide sufficient discovery responses and resolution of its 30(b)(6) deposition notice.[3] The Court has reviewed the parties' submissions and heard telephone oral arguments on April 17, 2017.[4] For the reasons set forth herein, the City of Paterson's motion to compel further responses is **granted**.

---

[1] (ECF Docket Entry No. ("D.E.") 40).

[2] The City apparently included additional discovery disputes as Exhibit B to its submission, but that exhibit was removed for containing personal identifying information. Thus, the Court no longer has that exhibit before it.

[3] (D.E. 41, 48).

[4] Oral argument was cut short due to problems with the telephone connection. Counsel have not requested additional argument, so the Court will decide the dispute upon the present record.

## I. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[5] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[6] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[7]

## II. BACKGROUND AND PROCEDURAL HISTORY[8]

On May 10, 2016, Mr. Reyes filed this civil rights action against the City of Paterson and Police Officers John Ditaranto, Jose Castaneda, A. Jiminez, and O. Mendez.[9] Mr. Reyes alleges that he was "with a group of friends when he was approached by several police officers employed by the City of Paterson who stopped him for no lawful reason."[10] When Mr. Reyes asked why he was stopped, the officers "became belligerent" and "he was thrown up against a vehicle, handcuffed and searched."[11] Mr. Reyes "was then arrested and falsely charged with several crimes."[12]

---

[5] 28 U.S.C. § 636(b)(1)(A).

[6] L. Civ. R. 72.1(a)(1); 37.1.

[7] § 636(b)(1)(A).

[8] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[9] (D.E. 1, Complaint; D.E. 25, Am. Cmplt.).

[10] (D.E. 25, Am. Cmplt. ¶ 11).

[11] (*Id.*).

[12] (*Id.* at ¶ 17). "All of the charges were dismissed." (*Id.* at ¶ 17).

Mr. Reyes contends that he "was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed."[13] His theories of liability include claims for false arrest (Count One), unlawful search and seizure (Count Two), excessive force (Count Three), malicious prosecution (Count Four), municipal liability (Count Five), assault (Count Six), failure to intervene (Count Seven), infliction of emotional distress (Count Eight), and violation of First Amendment rights (Count Nine).[14]

The Court entered an initial scheduling order on October 6, 2016.[15]

## III. DISCUSSION

### A. Discovery Dispute Protocol

The Federal Rules of Civil Procedure must be construed by the Court and the parties to secure "the just, speedy, and inexpensive determination of every action and proceeding."[16] A prerequisite to the filing of any discovery motion is that the movant certify their efforts to confer or attempt to confer in good faith to resolve the issue without court action.[17] Our Local Rules further prescribe that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[18]

---

[13] (*Id.* at ¶ 26).

[14] (D.E. 25, Am. Cmplt.).

[15] (D.E. 15, Initial Scheduling Order).

[16] Fed. R. Civ. P. 1.

[17] Fed. R. Civ. P. 37(a)(1).

[18] L. Civ. R. 37.1(a)(1).

The Local Rules further require that upon reaching an impasse after meeting and conferring over a discovery dispute, counsel present the dispute "by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion."[19] In case the Federal Rules and Local Rules were not clear enough on this topic, Paragraph 6 of the Scheduling Order provides as follows:

> Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.
>
> <u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>
>
> No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.[20]

Counsel have not followed the Court's dispute protocol. Unilateral dispute letters were sent in to the Court before any meet and confer. Counsel only met and conferred regarding some of the issues after contacting the Court. The Court directs counsel to meet and confer on all disputes not resolved by this opinion and order, and any future disputes.

---

[19] *Id.*

[20] (D.E. 15, Initial Scheduling Order ¶ 6).

B. Responses to Interrogatories

Interrogatories are a discovery device designed "to obtain simple facts…" and "can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts, or of securing information about the existence of documentary evidence[.]"[21] The recipient of interrogatories must respond "to the fullest extent possible, stating any objections with specificity.[22] Although "a responding party generally is not required to conduct extensive research to answer an interrogatory, it must make a reasonable effort to respond."[23] "When a party fails to make disclosure of discovery, the opposing party may file a motion to compel."[24]

a. Interrogatory Nos. 9, 16, and 17

The City seeks further responses to Interrogatories 9, 16, and 17. Mr. Reyes contends that each request seeks information not relevant to this action. The party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence."[25] That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[26]

---

[21] *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va. 2010) (quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

[22] Fed.R.Civ.P. 33(b)(3) and (4).

[23] *Lamon v. Adams*, 2014 WL 309424, at *3 (E.D. Cal. 2014) (citing *L.H. v. Schwartzenegger*, 2007 WL 2781132 at * 2 (E.D.Cal. Sep.21, 2007)).

[24] *Kannaday v. Ball*, 292 F.R.D. 640, 2013 W.L. 1367055 at 2 (D.Kan. 2013).

[25] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

[26] Fed.R.Evid. 401.

District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[27] "If, however, the discovery request seeks information that does not appear facially relevant, the burden is on the movant to demonstrate how the request is not objectionable."[28]

      i. <u>Interrogatory No. 9</u>

Interrogatory Number 9 requested: "State in detail and with specificity what you were doing with your "group of friends" for a period of five (5) hours prior to your arrest on May 9, 2015."[29] Mr. Reyes responded: "Plaintiff hereby incorporates all previous objections as if incorporated herein."[30] By letter, Mr. Reyes further responded "Plaintiff's actions for the preceding 5 hours of his arrest is neither relevant to the Defendants' violation of his right and nor is it calculated to lead to admissible evidence."[31]

The City contends that Mr. Reyes admitted "he was drinking alcohol with friends prior to his encounter with the police" and therefore the activities he "engaged in prior to his arrest are completely relevant and discoverable."[32] The Court agrees that the information is discoverable and proportional to the needs of the case. Mr. Reyes is required to respond to the fullest extent possible.

---

[27] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[28] *Kannaday*, 292 F.R.D. at 644.

[29] (D.E. 40-1).

[30] (D.E. 40-1).

[31] (D.E. 40-3).

[32] (D.E. 40 at 2).

ii. Interrogatories Nos. 16 and 17

Interrogatory Number 16 stated, "[i]dentify each and every occasion on which Plaintiff has been arrested and state the nature of the arrest as well as the result of any criminal charges brought."[33] Mr. Reyes responded, "Plaintiff hereby incorporates all previous objections as if incorporated herein."[34] By letter dated March 6, 2017, Mr. Reyes further responded "This request is neither relevant and nor is it calculated to lead to admissible evidence."[35]

The City contends that Mr. Reyes' "past arrests are relevant and discoverable to this matter, and must be identified."[36] His claims concern an allegation of false arrest and seek recovery of damages therefrom. Some courts have concluded that a prior arrest is relevant to an assessment of damages at trial to refute a plaintiff's claims regarding the cause and extent of his emotional injury.[37]

Likewise, Interrogatory Number 17 requested, "[i]dentify each and every criminal conviction against Plaintiff."[38] Mr. Reyes "incorporate[d] [his] … previous objections as if incorporated herein."[39] Mr. Reyes subsequently responded "This request is neither relevant and

---

[33] (D.E. 40-1).

[34] (D.E. 40-1).

[35] (D.E. 40-3).

[36] (D.E. 40 at 2).

[37] *See Ramos v. County of Suffolk*, 707 F.Supp.2d 421, 424 (E.D.N.Y.2010); *Garner v. Meoli*, 19 F.Supp.2d 378 (E.D.P.A. 1998)(prior arrest relevant to issue of damages to reputation claim); *Cicero v. City of N.Y.*, No. 2011 WL 3099898, at *3 (E.D.N.Y. July 25, 2011); *Schiller v. City of New York*, 2006 WL 3592547, at *8 (S.D.N.Y. Dec.7, 2006).

[38] (D.E. 40-1).

[39] (D.E. 40-1).

7

nor is it calculated to lead to admissible evidence. It is also unduly burdensome, vague, oppressive, and overly broad."[40]

Contrary to Mr. Reyes' objection, prior convictions may be "relevant to the extent plaintiff seeks to recover damages for emotional distress."[41] In addition, evidence of a criminal conviction can also be used under certain circumstances to impeach a witnesses' credibility.[42]

Mr. Reyes has not provided any legal authority to the contrary. Consequently, Mr. Reyes is obligated to respond to the fullest extent possible.

b. Interrogatory Nos. 7, 11, 12, 13, 15, and 25

Mr. Reyes has not disputed the relevance of interrogatory numbered 7, 11, 12, 13, 15, and 25. The Court has reviewed each and finds that they are each relevant to the claims and/or defenses in this matter or are reasonably calculated to lead to the discovery of admissible evidence that is proportional to the needs of this case. Consequently, the burden shifts to Mr. Reyes as "the objecting adverse party to specifically show how each discovery request is objectionable."[43]

Objections to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is "overly broad and burdensome" or "oppressive" or "vexatious" or "not reasonably calculated to lead to the discovery of admissible evidence".[44]

> To voice a successful objection to an interrogatory [the objecting party] cannot simply intone this familiar litany. Rather, [it] must

---

[40] (D.E. 40-3).

[41] *Green v. Baca*, 226 F.R.D. 624, 656 (C.D.Cal. 2005).

[42] Evid.R. 609.

[43] *Id.* at 644 (citation omitted).

[44] *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996).

8

> show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive ... The burden [is upon] the party resisting discovery to clarify and explain its objections and to provide support therefor.[45]

Failure to meet this standard may result in waiver of the objection.[46] Boilerplate discovery responses that obfuscate the truth and do not provide notice to the adversary may warrant sanctions for causing unnecessary delays and increased costs of litigation for the parties and increasing the court's burden.[47]

    i.    <u>Interrogatory No. 7</u>

Interrogatory Number 7 stated, "[w]ith regard to the allegations in Paragraph 8 of the Complaint, state in detail and with specificity your complete version of the events that allegedly occurred on May 9, 2015 which led to your arrest.[48] Mr. Reyes' response stated as follows: "Plaintiff hereby incorporates all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: Plaintiff objects to this request in that it calls for a lengthy narrative." [49] Mr. Reyes further responded that he "maintains the objection that this question seeks a narrative and is better answered in a deposition. Moreover, the Complaint more than adequately provides Plaintiff's version of events, as you quoted the same in your purported deficiency letter."[50]

---

[45] *Id.* at 1102 (citations omitted)

[46] *Id.* (citations omitted).

[47] *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 297-300 (N.D.W.Va. 2004).

[48] (D.E. 40-1 at 7).

[49] (*Id.*).

[50] (D.E. 40-3 at 2).

9

Mr. Reyes was obligated to respond to the fullest extent possible.[51] He clearly has not.

  ii.  Interrogatory Nos. 11, 12 and 13

Interrogatory Number 11 asked that Mr. Reyes: "Identify with specificity and in detail the complete factual basis for Plaintiffs assertion that the City failed to properly train its police officers. Identify the specific training deficiency(ies) Plaintiff claims and identify the complete basis for Plaintiffs claim that the training is deficient."[52] Mr. Reyes responded as follows, "Plaintiff hereby incorporates all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: This interrogatory cannot be answered as it calls for a legal conclusion."[53] By letter, Mr. Reyes further responded "This request cannot be answered as it calls for a legal conclusion."[54]

Interrogatory Number 12 asked Mr. Reyes to "[i]dentify with specificity and in detail the complete factual basis for Plaintiffs assertion that the City has an official policy, custom and practice of permitting, tolerating and/or condoning the use of excessive force by police officers and false arrest without probable cause. Mr. Reyes stated in response, "Plaintiff hereby incorporates all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: This interrogatory cannot be answered as it

---

[51] Fed.R.Civ.P. 33(b)(3).

[52] (D.E. 40-1 at 7).

[53] (*Id.*).

[54] (D.E. 40-3 at 2).

calls for a legal conclusion."[55] By letter, Mr. Reyes further responded "This request cannot be answered as it calls for a legal conclusion."[56]

Interrogatory Number 13 stated, "[i]dentify with specificity and in detail the complete factual basis for Plaintiffs assertion that the City has an official policy, custom and practice of failing to investigate Internal Affairs Complaints."[57] Mr. Reyes' response stated, "Plaintiff hereby incorporates all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: This interrogatory cannot be answered as it calls for a legal conclusion."[58] Mr. Reyes further responded "This request cannot be answered as it calls for a legal conclusion."[59]

These interrogatories requested factual support for Mr. Reyes' *Monell* claims. The Court finds that the assertion that these interrogatories requested a legal conclusion lacks merit. Mr. Reyes has not met his burden to clarify and explain his objections and to provide support therefor.

    iii.    <u>Interrogatory Nos. 15</u>

Interrogatory Number 15 asked that Mr. Reyes, "[i]dentify the complete factual basis for Plaintiffs assertion that he exercised his First Amendment Right to free speech and suffered retaliation as a result. Identify the specific content of Plaintiffs claimed free speech and the specific retaliation Plaintiff claims to have suffered."[60] Mr. Reyes objected, "Plaintiff hereby incorporates

---

[55] (D.E. 40-1 at 7).

[56] (D.E. 40-3 at 2).

[57] (D.E. 40-1 at 9).

[58] (*Id.*).

[59] (D.E. 40-3 at 2).

[60] (D.E. 40-1 at 9).

11

all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: This interrogatory cannot be answered as it calls for a legal conclusion."[61] By letter, Mr. Reyes further responded "This request cannot be answered as it calls for a legal conclusion."[62] Mr. Reyes' objection is evasive and overruled.

Like Interrogatories 11, 12, and 13, this interrogatory requested factual support for Mr. Reyes' First Amendment claims. The Court finds that the assertion that Mr. Reyes was being requested for a legal conclusion lacks merit. Mr. Reyes has not met his burden to clarify and explain his objections and to provide support therefor.

        iv.      <u>Interrogatory Nos. 25</u>

Finally, Interrogatory Number 25 asked, "Identify any and all physical, psychiatric, psychological and/or emotional injuries you claim to have suffered as a result of the acts and/or omissions described in the complaint. Identify the name and address of each hospital, medical provider, psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury." Mr. Reyes responded, "Plaintiff hereby incorporates all previous objections as if incorporated herein, notwithstanding these objections and without waiving them, Plaintiff responds as follows: The extent of these injuries is not known at this time." [63] Mr. Reyes later added, "Plaintiff maintains his objections and responses."[64]

---

[61] (D.E. 40-1 at 9).

[62] (D.E. 40-3 at 2).

[63] (D.E. 40-1 at 9).

[64] (D.E. 40-3 at 2).

The Court finds that Mr. Reyes' objection is evasive and lacks any merit. He was obligated to fully respond to the extent he is capable of doing so, but has failed to do so.

An appropriate Order follows:

**ORDER**

**IT IS** on this Friday, April 28, 2017,

1. **ORDERED**, that Defendant City of Paterson's informal motion to compel further responses to interrogatories numbered 7, 9, 11, 12, 13, 15, 16, 17, and 25 is **granted**. Plaintiff Reyes shall provide amended responses within 14 days; and it is further

2. **ORDERED**, that counsel shall meet and confer to resolve their remaining discovery disputes and abide by the Court's discovery dispute protocol if they cannot.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/28/2017 8:48:07 AM27/2017 2:53:30 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File