UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| CHRISTIAN REYES,<br><br>                  Plaintiff,<br>v.<br><br>CITY OF PATERSON, et al.,<br><br>                  Defendants. | Civil Action No.<br><br>2:16-CV-2627-ES-SCM<br><br>**OPINION & ORDER ON PLAINTIFF'S MOTION TO AMEND**<br><br>**[D.E. 52]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before the Court is Plaintiff Christian Reyes' ("Mr. Reyes") motion for leave to file a second amended complaint, filed on April 21, 2017.[1] Defendant, City of Paterson ("the City") opposed the motion[2] and Mr. Reyes replied.[3] Defendants John DiTaranto, Jose Castaneda, Angel Jimenez, and O. Mendez ("the Individual Officers"), employed by the City, consent to the proposed second amended complaint.[4] The Court has reviewed the parties' respective submissions, and heard oral argument on June 15, 2017.[5] For the following reasons, the Court **GRANTS** Mr. Reyes' motion to file a second amended complaint.

---

[1] (ECF Docket Entry ("D.E.") 52).

[2] (D.E. 56, Def.'s Opp.).

[3] (D.E. 59, Pl.'s Reply).

[4] (D.E. 52-2, Aboushi Cert. ¶ 5).

[5] *See* Fed. R. Civ. P. 78.

I. **BACKGROUND AND PROCEDURAL HISTORY**[6]

At issue is Mr. Reyes' motion to amend his complaint for a second time to add Lieutenant George Vazquez ("Lt. Vazquez") who was present at the scene of his alleged unlawful stop and arrest on May 19, 2015.[7] According to Mr. Reyes, the Individual Officers used excessive force and falsely charged him with several crimes in violation of his civil rights.[8]

Mr. Reyes initially filed this action on May 10, 2016 against the City and Officer DiTaranto.[9] As part of the City's Rule 26 disclosures, "names of previously unknown officers who engaged in the violation of Plaintiff's rights, including failing to intervene in the unlawful arrest and use of force against Plaintiff" were provided to Mr. Reyes.[10] The City's initial disclosures also included official reports from each officer, including one from Lt. Vazquez. Lt. Vazquez's Official Report provided: "I assisted the units in dispersing a group. I became aware that [O]fficer Di[T]aranto arrested an individual but was not present to witness what led to the arrest or the actual physical arrest." [11]

---

[6] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[7] (D.E. 52-3 ¶¶ 9, 12).

[8] (D.E. 25, Am. Compl. ¶¶ 11-18).

[9] (D.E. 1).

[10] (D.E. 19-1 at 2).

[11] (D.E. 56-2, Ex. A).

Thereafter, the parties executed a consent order allowing Mr. Reyes to file an Amended Complaint to add the "newly disclosed defendant officers." [12] The Amended Complaint, filed on December 13, 2016, named Officers Castaneda, Jimenez, and Mendez as additional defendants. [13]

Mr. Reyes now seeks to add Lt. Vazquez as a defendant as a result of information received from Officer Jimenez's interrogatory responses. [14] According to Mr. Reyes, on or about April 4, 2017, discovery received from Officer Jimenez "for the first time revealed that [Lt.] Vazquez directed arrest and detainment of Plaintiff," and the "issu[ance] [of] a summons for drinking in public." [15] Officer Jimenez's response to Interrogatory One provided:

> I was dispatched to 921 Main Street (El Casetal Bar), where a fight was in progress. When I arrived Lt. Vazquez directed officers to issue summonses to five individuals at the corner for drinking in public. Four summonses were issued to individuals, with no issues. The plaintiff was intoxicated and arguing with Officer Ditaranto, who was simply trying to issue him a summons. He was uncooperative, and was repeatedly warned he would be placed under arrest. He continued to be verbally abusive and refused to give officers his personal information, leaving the officer with no choice but to arrest him. [16]

Upon receipt of Officer Jimenez's discovery, Mr. Reyes discussed amending his complaint with the parties to add Lt. Vazquez. [17] The Individuals Officers consented to the amendment but the City did not. [18]

---

[12] (D.E. 19-1 at 2).

[13] (D.E. 25, Am. Compl. ¶¶ 6-8).

[14] (D.E. 52-3 ¶¶ 9, 13-14).

[15] (D.E. 52-2, Aboushi Cert. ¶ 3).

[16] (D.E. 56-3, Ex. B ¶ 1 at 4).

[17] (D.E. 52-2, Aboushi Cert. ¶ 4).

[18] (*Id.* ¶¶ 5-6).

In opposition, the City argues that the proposed second amended complaint must be denied as it was filed outside the February 15, 2017 deadline set forth in the Scheduling Order.[19] The City further argues that Mr. Reyes acted with undue delay in seeking the present amendments and dilatory motive in "mischaracteriz[ing] Officer Jimenez's discovery responses,"[20] and that the City will be prejudiced by the addition of Lt. Vazquez because doing so will only prolong the litigation and broaden the scope of "Plaintiff's already expansive discovery requests."[21]

## II. DISCUSSION & ANALYSIS

### A. Rule 16 "Good Cause" Analysis

As an initial matter, the Court must determine whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure applies.[22] While leave to amend under Rule 15 is generally freely given, Rule 16 requires a party to demonstrate "good cause."[23] Mr. Reyes filed his second motion for leave to amend the complaint after the February 15, 2017 deadline set by the Court, and the City objects to the late filing. Mr. Reyes must therefore show "good cause" for his failure to comply with the Scheduling Order before the Court can consider his motion.[24]

---

[19] (D.E. 15 ¶ 13).

[20] (*Id.* at 7-8).

[21] (*Id.* at 8).

[22] *See Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2 (D.N.J. Apr. 15, 2013) (internal citation omitted).

[23] *See id.* at *2 (citing FED. R. CIV. P. 15(a)(2) and FED. R. CIV. P. 16(b)(4)).

[24] *See Assadourian v. Harb*, 430 F. App'x 79, 81 (3d Cir. 2011) (where deadlines fixed by the court's scheduling order expire, a party must show "good cause" under Rule 16(b) to amend).

Whether good cause exists largely depends on the diligence of the moving party.[25] Under some circumstances, good cause may be found based on a "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder."[26] What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case."[27] Thus, the Court has discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[28]

The Court finds that good causes exists here. While the City identified Lt. Vazquez in its initial disclosures in October 2016, Mr. Reyes explains that he did not add Lt. Vazquez to the Amended Complaint in December 2016 "because the facts known at that time did not provide [a] good faith basis to bring him into the suit."[29] The facts known to Mr. Reyes at that time were based upon Lt. Vazquez's Official Report in which he stated he "was not present to witness what led to the arrest or the actual physical arrest."[30] Officer Jimenez's April 4, 2017 discovery provided differing information. Shortly thereafter, Mr. Reyes diligently sought to amend his complaint by seeking consent of the City and the Individual Officers. On April 21, 2017, Mr.

---

[25] *Phillips v. Greben,* No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (internal citations and quotations omitted); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

[26] *Phillips,* 2006 WL 3069475, at *6 (internal citations omitted).

[27] *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2017) (citing 6A Alan Wright et al., Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010))

[28] *See Phillips,* 2006 WL 3069475, at *6 (internal quotations omitted); *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (citing 3 James W. Moore et al., Moore's Federal Practice § 16.14[1] [b] (3d ed.1997)).

[29] (D.E. 59, Pl.'s Reply at 2-3).

[30] (D.E. 56-2, Ex. A).

Reyes filed the instant motion after failing to gain the City's consent.[31] Mr. Reyes sought to amend his complaint within two weeks of obtaining new information. Accordingly, the Court finds good cause exists and will consider Mr. Reyes' instant motion.

### B. Rule 15 Analysis

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."[32] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[33] While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."[34] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[35] In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment," leave to amend should be granted freely.[36] Here, the City bears the burden of demonstrating Mr. Reyes acted with undue delay or dilatory motive in seeking his proposed amendments, or that granting the request would result in unfair prejudice.

---

[31] (D.E. 52; D.E. 52-2, Aboushi Cert. ¶¶ 5-6).

[32] FED. R. CIV. P. 15(a)(2).

[33] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[34] *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); FED. R. CIV. P. 15(a)(2).

[35] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

[36] *Shine v. Bayonne Bd. of Educ.*, 633 F. App'x 820, 822 (3d Cir. 2015) (internal citation omitted).

The City argues that filing the instant motion after the February 15, 2017 deadline constitutes undue delay. "[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner."[37] Mr. Reyes explains that he did not seek leave to amend sooner because he relied on Lt. Vazquez's Official Report providing that he "was not present to witness what led to the arrest or the actual physical arrest."[38] Lt. Vazquez's role in directing officers to issue summonses only recently came to light as a result of Office Jimenez's interrogatory responses, which were provided around April 4, 2017.[39] Because Mr. Reyes moved to amend shortly after receiving this discovery, the Court finds that he did not act with undue delay in filing the proposed second amended complaint.

The City next argues that Mr. Reyes acted with dilatory motive or "improper" motive in seeking to add Lt. Vazquez as a defendant and new facts alleging Lt. Vazquez "instructed officers to unlawfully stop, detain, and arrest plaintiff for no legitimate or legally cognizable purpose" and to "issue summons for having an open container of alcohol in public, to the Plaintiff despite the fact that Plaintiff did not have an open container of alcohol.[40] Here, there is no evidence of a dilatory or "improper motive." As Mr. Reyes indicates, he did not add Lt. Vazquez in the prior Amended Complaint based upon Lt. Vazquez's Official Report stating "he was not present to witness what led to the arrest or the actual physical arrest." This statement has been called into

---

[37] *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (internal citation omitted); *see also Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009).

[38] (D.E. 56-2, Ex. A).

[39] *See Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 571 (D.N.J. 1997) (noting that "[a] court may deny a motion to amend based on undue delay when the movant is unable to "satisfactorily explain" the reasons for delay) (internal citation omitted).

[40] (D.E. 52-3, Ex. A ¶¶ 13-14).

question by the information obtained from Officer Jimenez's discovery response. Upon review, it is possible that Lt. Vazquez was at least present to direct officers to issue summonses for drinking in public. To the extent the City argues that Lt. Vazquez's alleged role in Mr. Reyes' arrest and detainment lacks support, the City has not advanced any arguments that the proposed amendment is futile.[41]

Allowing Mr. Reyes to assert claims against Lt. Vazquez will not unfairly prejudice the City. It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment.[42] Compared to the question of undue delay, "the issue of prejudice requires that we focus on the effect on the defendants."[43] In gauging prejudice, the Court considers whether allowing the amendment would "(1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction."[44] Considering these factors, the Court finds that allowing Mr. Reyes to add one additional party will not cause the City or the Individual Officers to expend significant additional resources. Currently, no depositions have commenced, no trial date has been set, and discovery is ongoing. While the City argues it would be prejudiced by "the addition of unnecessary parties" and what it already considers "expansive" and "burdensome" discovery requests, the City has not demonstrated that the addition of Lt. Vazquez will significantly delay the resolution of this case. Even if it is improbable that Lt.

---

[41] *See Lesser v. City of Cape May*, 110 F. Supp. 2d 303, 331 (D.N.J. 2000), *aff'd*, 78 F. App'x 208 (3d Cir. 2003) (internal citations omitted).

[42] *Dole*, 921 F.2d at 488 (internal citation omitted).

[43] *Formosa Plastics Corp.*, 259 F.R.D. at 99 (internal citation omitted).

[44] *Id.* (quoting *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004).

Vazquez directed Mr. Reyes' arrest and detainment, the City will be able to obtain additional discovery on the new allegations to present facts or evidence to defend against Mr. Reyes' claims permitting a full resolution on the merits. [45]

### III. CONCLUSION

For the reasons stated, the Court grants Mr. Reyes' second motion for leave to amend his complaint. An appropriate Order follows:

### ORDER

**IT IS** on this Monday, June 19, 2017,

**ORDERED** that Plaintiff Reyes' motion for leave to amend the complaint to add Lt. Vazquez as a defendant and factual allegations regarding Lt. Vazquez is **GRANTED**; and it is further

**ORDERED** that Plaintiff Reyes shall file the proposed Second Amended Complaint within seven (7) days; and it is further

**ORDERED** that Defendants the City of Paterson and Individuals Officers shall file appropriate responses to the Second Amended Complaint within fourteen (14) days thereafter.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/19/2017 9:04:08 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[45] *See Dole,* 921 F.2d at 487 (internal citation omitted).